UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REY ERNESTO PALOMINO DENIS (A-Number: 240-282-238),

Petitioner,

v.

CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents.

No. 1:26-cv-02466-KES-EGC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER

Docs. 1, 11

Petitioner Rey Ernesto Palomino Denis is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 8, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition for writ of habeas corpus and ordering petitioner's immediate release. Doc. 11. The findings and recommendations concluded that this case raised the same issues as *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), a case which considered whether 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have been present in the United States without admission for many years. *See id.* at 1–2. The findings and recommendations were served on the parties and contained notice that any objections thereto

were to be filed within fourteen days after service. On July 19, 2026, respondents filed objections. Doc. 12.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court adopts the findings and recommendations in part. The findings and recommendations correctly concluded that 8 U.S.C. § 1226(a) is the statute that governs petitioner's detention. Doc. 11; *see, e.g.*, *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826, at *4–8 (E.D. Cal. Nov. 12, 2025).

But based on the fact that petitioner was released from DHS's custody and then re-detained, as documented in respondents' records, *see* Doc. 9-1, petitioner raises a due process claim, *see* Doc. 1. The Court has also addressed that claim in many cases. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

At an initial bond hearing pursuant to 8 U.S.C. § 1226(a), "the burden is on the non-citizen to" show that he is not a flight risk or danger. *See Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)). But at a bond hearing ordered on procedural due process grounds, the burden is on the government to show that the noncitizen is a flight risk or a danger by clear and convincing evidence, *see Luis Alberto R.C.*, 817 F. Supp. 3d at 928. The reason for this difference is that the noncitizen's "initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025). "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Id.*

Respondents raise three objections, all of which are arguments that this Court has fully addressed in many prior cases. Their first objection, that 8 U.S.C. § 1225(b) governs petitioner's detention, is incorrect for the reasons stated in *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826, at *4–8 (E.D. Cal. Nov. 12, 2025), and the other cases cited in the F&R. Doc. 11 at 1. Respondents' second objection, that *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995) (en banc), forecloses petitioner's due process claim, is incorrect for the reasons addressed in *Clene C. D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118, at *3 (E.D. Cal. Dec. 4, 2025). Respondents' third objection, that petitioner should not be immediately released and should instead receive only a bond hearing, is unpersuasive. As this Court held in *Clene C. D.*, petitioner should have received a *pre-deprivation* bond hearing, but respondents detained him without providing such a hearing.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on March 17, 2026, Doc. 13, are ADOPTED in part;
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED;
3. Respondents are ORDERED to release petitioner Rey Ernesto Palomino Denis (A-Number: 240-282-238) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.
4. Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.
5. The Clerk of Court is directed to close this case and enter judgment for petitioner.
6. The Clerk is directed to terminate any remaining motions as moot.

7. The Clerk is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: July 20, 2026

UNITED STATES DISTRICT JUDGE